UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO.

```
*************************************
DAVID MINEHAN, LEE HARRINGTON *
and JOHN LYNCH, dba            *
THE NEIGHBORHOODS,             *
                               *
     Plaintiffs                *
vs.                            *
                               *
COLUMBIA RECORDS,              *
SONY MUSIC HOLDINGS, INC.,     *
JESSE RUTHERFORD,              *
JEREMY FREEDMAN, ZACH ABELS,   *
MIKEY MARGOT, and              *
BRYAN SAMMIS, d/b/a            *
THE NEIGHBOURHOOD,             *
                               *
     Defendants.               *
*************************************
```

## VERIFIED COMPLAINT AND JURY DEMAND

For their Complaint, Plaintiffs David Minehan, Lee Harrington, and John Lynch, dba, The Neighborhoods (hereinafter "THE NEIGHBORHOODS"), hereby allege and assert as follows:

1. This is an action for federal trademark infringement, federal unfair competition, and federal trademark dilution in violation of the Federal Lanham Act, 15 U.S.C. § 1051, et. seq.; common law trademark infringement; and state unfair competition in violation of M.G.L. c. 93A, §§ 2 & 11, against Defendants, Jesse Rutherford, Jeremy Freedman, Zach Abels, Mikey Margot and Bryan Sammis, dba The Neighbourhood (hereinafter "THE NEIGHBOURHOOD") and Columbia Records, and Division of Sony Music Holdings, Inc. (hereinafter collectively referred to as "SONY"), for their commercial use and exploitation of THE NEIGHBORHOODS' trade

name on or in connection with the release, recording or sale of any records, tapes, videos or other recordings, performances, appearances and/or tours, in person, on any website, and in any literature, publicity or promotional materials. THE NEIGHBORHOODS seek (1) injunctive relief against Defendants' continued unauthorized and improper commercial use and exploitation of any trade name confusingly similar to THE NEIGHBORHOODS' trade names on or in connection with the release, recording or sale of any records, tapes, videos or other recordings, performances, appearances and/or tours, in person, on any website, or in any literature, publicity or promotional materials; and (2) all damages arising from Defendants' past and present infringement, and reimbursement of THE NEIGHBORHOODS' attorneys' fees and costs for having to bring this action to enforce its rights.

## THE PARTIES

2.      The Plaintiff, David Minehan, is an individual residing in Arlington, Middlesex County, Commonwealth of Massachusetts.

3.      The Plaintiff, Lee Harrington, is an individual residing in Needham, Norfolk County, Commonwealth of Massachusetts.

4.      The Plaintiff, John Lynch, is an individual residing in Wilmington, Middlesex County, Commonwealth of Massachusetts.

5.      Minehan, Harrington and Lynch are members of the band, THE NEIGHBORHOODS, a band that has enjoyed prominence in the national and international music industry for more than thirty years.

6.      The Defendant, Jesse Rutherford, is an individual whose address is currently unknown.

7.      The Defendant, Jeremy Freedman, is an individual whose address is currently unknown.

8.      The Defendant, Zach Abels, is an individual whose address is currently unknown.

9.     The Defendant, Mikey Margot is an individual whose address is currently unknown.

10.    The Defendant, Bryan Sammis, is an individual whose address is currently unknown.

11.    Rutherford, Freedman, Abels, Margot and Sammis, are members of a band called THE

NEIGHBOURHOOD, which was formed in August 2011.

12.    The Defendant, Capital Records, is a Division of Defendant Sony Music Holdings, Inc., a

duly organized Delaware corporation, with a principal place of business at 550 Madison Avenue,

New York, New York 10022.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§

1331, 1332 (a) and 1338 (a) & (b) over federal trademark infringement and dilution claims,

which arise under the Federal Lanham Act, 15 U.S.C. §§ 1051, et. seq.; and has jurisdiction

pursuant to 28 U.S.C. § 1367(a) over the state unfair competition and common law trademark

infringement claims.

14.    Upon information and belief, this Court has personal jurisdiction over Defendants

Rutherford, Freedman, Abels, Margot and Sammis, as they have transacted business in the

Commonwealth of Massachusetts, released albums and promotional materials that have entered

the stream of commerce in Massachusetts, and made appearances and performed concerts in

Massachusetts, and therefore have had sufficient contacts in the Commonwealth of

Massachusetts during all times relevant to this action, including a substantial part of the events

giving rise to the claims THE NEIGHBORHOODS allege and assert herein, to support personal

jurisdiction herein.

15.    This Court has jurisdiction over Defendants Capital Records and Sony Music Holdings,

Inc. as both are international business entities which regularly transact substantial business

throughout the United States and in the Commonwealth of Massachusetts. SONY has a

registered agent in the Commonwealth, regularly releases albums and promotional materials into

the stream of commerce in Massachusetts, and represents artists that make appearances and

perform concerts in Massachusetts. SONY therefore has had sufficient contacts in the

Commonwealth of Massachusetts during all times relevant to this action, including but not

limited to a substantial part of the events giving rise to the claims THE NEIGHBORHOODS

allege and assert herein, to support personal jurisdiction herein.

## FACTS

16.     Plaintiffs are members of THE NEIGHBORHOODS, which is a Boston-based band that

achieved national and international prominence beginning in the late 1970s.

17.     Plaintiffs have continuously used the trade name THE NEIGHBORHOODS since 1977,

with records continuously for sale continuously for more than 30 years.

18.     In 1980, THE NEIGHBORHOODS released a single entitled "*Prettiest Girl*" and "*No

Place Like Home*," which received a great deal of airplay throughout New England and the

United States. In 1984, they released a mini-LP entitled "*Fire is Coming*" followed by "*...the

high hard one...*" in 1986, and "*Reptile Men*" in 1987.

19.     THE NEIGHBORHOODS toured nationally with the Ramones in 1988, and have opened

for David Bowie, Tin Machine, Cheap Trick and the Joe Perry Project. THE

NEIGHBORHOODS were selected by Miller Brewing Company to be one of its nationally

sponsored touring acts. Endorsements incident to that selection included national promotional

tour support, and instruments which included guitars and drums.

20.     In 1990, THE NEIGHBORHOODS released an album entitled "*Hoodwinked*" on

Emergo, Roadrunner Records.  In 1991, they released another album, titled "*The

*Neighborhoods*". This represented the band's major label debut. The album was produced by Brad Whitford, of Aerosmith.

21.    Since 2003, THE NEIGHBORHOODS have played shows every year up to and through the present, released a new record and generally worked and performed under the name The Neighborhoods. They were recognized by induction into the Boston Music Awards Hall of Fame, and in 2010, released a live album entitled "*The Last Rat, Live at The Rat*."

22.    A fan-based website - www.thehoodsonline.com - has been in existence since 2002. Another website was launched in August of 2010, and remains in existence today. Attached hereto as Exhibits 1 and 2 are true and accurate copies of web pages from these sites.

23.    Plaintiffs have been using The Neighborhoods trade name continuously since at least 1977, in connection with publishing, recording, releasing and performing music, related goods and services.

24.    As early as 1977, THE NEIGHBORHOODS began using the trade name on its recordings and promotional materials and advertising. Attached hereto as Exhibit 3 - 7 are true and accurate copies of some of these materials.

25.    As a result of the longstanding and uninterrupted use of the trade name "The Neighborhoods", Plaintiffs own the exclusive right to use the name, as well as the right to prohibit the use of any confusingly similar mark or name on similar goods or services or on competing goods or services.  Through Plaintiffs' continuous use of "The Neighborhoods" trade name, they have also developed substantial goodwill therein.

26.    Plaintiff David Minehan is also the current applicants of a federal trademark application. Plaintiff's pending trademark application, Serial No. 76 714 is hereinafter referred to as the "Trademark Application".  See Exhibit 8. 923

27.     On or about April 23, 2013, Defendants SONY released THE NEIGHBOURHOOD's debut album entitled "I Love You", and shortly thereafter THE NEIGHBOURHOOD embarked upon a multi-city national tour. Upon information and belief, THE NEIGHBOURHOOD has also used the name in promotional materials and advertising relative to the album and the tour without authorization from Plaintiffs or any of Plaintiffs' agents or representatives, in this and in other judicial districts. Exhibit 9 is a true and accurate copy of some of these materials.

28.     Upon information and belief, Defendants have used and continue to use the name The Neighbourhood with full knowledge of Plaintiffs' ownership of and senior rights in and to a confusingly similar trade name.

29.     Upon information and belief, the Defendants used and displayed to the public a trade name confusingly similar to the trade name owned by Plaintiffs', taking advantage of the goodwill attendant thereto, on the following dates at the following locations:

4/25: Austin, TX @ Antoines Nightclub

4/26: Houston, TX @ Fitzgeralds

4/27: Frisco, TX @ Edgefest Radio Event

4/29: New York, NY @ Bowery Ballroom

4/30: Boston, MA @ Brighton Music Hall

5/3: Manchester, UK @ Ruby Lounge

5/4: Leeds, UK @ Leeds Festival

5/5: Glasgow, UK @ King Tuts

5/7: Bristol, UK @ Start The Bus

5/8:  London, UK @ Heaven

5/17: Bakersfield, CA @ Stramler Park

5/19: San Francisco, CA @ BFD Live 105 @ Shoreline

5/20: Sacramento, CA @ Harlow's Night Club

5/22: Las Vegas, NV @ Fremont Country Club

5/23: San Diego, CA @ 5th Avenue Side Stage @ Hous

30.     Prior to filing this action, counsel for THE NEIGHBORHOODS sent a cease and desist

letter to Columbia Records Group, Defendants record label and representative, demanding that

they cease and desist from using the name "The Neighbourhood", alone or in combination with

other names or qualifiers, in person, on any website, and in any literature, publicity or

promotional materials.

## FIRST CAUSE OF ACTION
### (Federal Trademark Infringement)

31.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1-28 of this

Verified Complaint, and incorporates them as though fully set forth herein.

32.     This claim is against Defendants for trademark infringement in violation of Section 43(a)

of the Lanham Act, 15 U.S.C. § 1125(a).

33.     Plaintiffs are informed and based thereon allege that Defendants have used, are using,

and intend to continue to use now and in the future in commerce the term The Neighbourhood as

a trade name for the band and associated products and activities in such a way as will likely

cause confusion or mistake, or will likely deceive the public by inducing fans and potential

customers to mistake "THE NEIGHBOURHOOD for THE NEIGHBORHOODS and/or to cause

consumer confusion as to the source or sponsorship of the band's advertising, publicity and

services.

34.     Plaintiffs never consented to or authorized Defendants' adoption or commercial use of

the name. Defendants therefore have infringed and are infringing on The Neighborhood

trademark in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

35.     As a result of the longstanding and uninterrupted use of the trade name "The

Neighborhoods", Plaintiffs own the exclusive right to use the name, as well as the right to

prohibit the use of any confusingly similar mark or name on similar goods or services or on

competing goods or services. Plaintiffs have also developed substantial goodwill therein.

36.     Defendants' attempt to benefit from THE NEIGHBORHOODS' long-standing reputation

in the music industry and well-established fan base is improper and unlawful. Moreover, upon

information and belief, Defendants knew of the prior adoption and widespread commercial use

of "The Neighborhoods" trade name that THE NEIGHBORHOODS presently own, and knew of

the valuable good will and reputation acquired by THE NEIGHBORHOODS in connection with

The Neighborhoods trade name and products.  Defendants' infringement of THE

NEIGHBORHOODS' trade name is therefore willful and deliberate.

37.     As a result of the confusion caused by Defendants' unauthorized use of Plaintiffs' trade

name, THE NEIGHBORHOODS valuable good will developed at great expense and effort is

being harmed and placed at risk of further damage.

38.     THE NEIGHBORHOODS' good will is of great value, and Plaintiffs' will suffer

irreparable harm if Defendants' infringement is allowed to continue to the great detriment of its

reputation and goodwill. Defendants' infringement will continue unless it is enjoined.

## SECOND CAUSE OF ACTION
### (Common Law Trademark Infringement)

39.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1-38 of this

Verified Complaint, and incorporates them as though fully set forth herein.

40.     This claim is against Defendants for common law trademark infringement.

41.     Plaintiffs own and use "The Neighborhoods" trademark and enjoy common law rights in

Massachusetts and throughout the United States in and to The Neighborhoods trademark as set forth above, and these rights are senior and superior to any rights which Defendants may claim in and to their infringing rights.

42.     Defendants' use of The Neighborhoods trademark or a confusingly similar mark in person, on any website, and in any literature, publicity or promotional materials is intentionally designed to capitalize upon the Plaintiffs' name and longstanding reputation and so is likely to cause and has caused confusion regarding the source of sponsorship of the Defendants' advertising, publicity and services, in that fans and customers will be likely to associate or have associated THE NEIGHBOURHOOD with, as originating with, or as approved by THE NEIGHBORHOODS, all to the detriment of THE NEIGHBORHOODS.

43.     Defendants' infringement will continue unless enjoined.

### THIRD CAUSE OF ACTION
### (Federal Trademark Dilution)

44.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1-43 of this Verified Complaint, and incorporates them as though fully set forth herein.

45.     As a result of the duration and extent of use of THE NEIGHBORHOODS' mark, the duration and extent of the advertising and publicity of THE NEIGHBORHOODS' mark, the geographical extent of the distribution of the same, the superior quality of reputation, the degree of recognition of THE NEIGHBORHOODS' name, Plaintiffs have achieved an extensive degree of distinctiveness and "The Neighborhoods" has become a famous mark.

46.     As a result of Defendants' use of a name that is confusingly similar to THE NEIGHBORHOODS' mark, Defendant is diluting the distinctive quality of THE NEIGHBORHOODS' mark.

47.     Plaintiffs will suffer irreparable harm if the Defendants' illegal acts are allowed to

continue to the great detriment of their reputation and goodwill. Defendants' actions will continue unless enjoined.

## FOURTH CAUSE OF ACTION
### (Federal Unfair Competition on Violation of 15 U.S.C. § 1125(a))

48.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1-47 of this Verified Complaint, and incorporates them as though fully set forth herein.

49.     THE NEIGHBORHOODS' mark has become uniquely associated with, and hence identifies with, the Plaintiffs. Defendants' use of a name that is confusingly similar to THE NEIGHBORHOODS' mark constitutes a false designation of origin, and/or a false representation. Further, it wrongfully and falsely designates Defendants' services and products as originating from or connected with THE NEIGHBORHOODS and constitutes utilizing false descriptions or representations in interstate commerce.

50.     The conduct of the Defendants is likely to cause mistake, to deceive, and confuse members of the public who would be wrongfully led to believe that Defendants are associated with Plaintiffs, thereby depriving Plaintiffs of their valid trademark rights.

51.     Upon information and belief, Defendants, in adopting the name "The Neighbourhood" and recording and releasing an album using the name acted willfully and with full knowledge of Plaintiffs' rights in THE NEIGHBORHOODS' trade name, and have used a false designation of origin and description in contravention of 15 U.S.C. § 1125(a).

52.     The continued unauthorized use by Defendants of the confusingly similar mark in relation to the recording, performance and publication of music, and related materials is likely to cause confusion and deception of the public and lead consumers and potential consumers to erroneously associate products and services of the Defendants with THE NEIGHBORHOODS and/or to erroneously believe that the products and services of Defendants are being placed on

the market with the consent and authority of Plaintiffs, as a result of which the continued use by

Defendants of THE NEIGHBORHOODS' mark or one that is confusingly similar has caused

and, unless restrained will continue to cause, serious and irreparable injury to Plaintiffs.

53.     By reason of the foregoing, Plaintiffs have been injured in an amount not yet ascertained.

## FIFTH CAUSE OF ACTION
### (Unfair Methods of Competition and
### Unfair and Deceptive Acts in Violation of G.L. c. 93A, § 11)

54.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1-53 of this

Verified Complaint, and incorporates them as though fully set forth herein.

55.     This claim is against Defendants for unfair methods of competition and unfair and

deceptive acts in violation of Massachusetts General Laws c. 93A, §§ 2 & 11.

56.     THE NEIGHBORHOODS' trade name is wholly associated with Plaintiffs due to their

extensive recording, performing, touring, and marketing efforts, and as such, Plaintiffs have

developed valuable assets in the mark, and the recordings, performances and associated activities

undertaken under the name.

57.     Defendants' misuse of the mark appears purposefully directed at undercutting THE

NEIGHBORHOODS' legitimate business involving publishing, recording, performing and

marketing and constitutes unfair competition and unfair and deceptive conduct under G.L. c.

93A, §§ 2 & 11.

58.     Plaintiffs allege that the aforesaid acts undertaken by Defendants were intentionally and

knowingly performed with full knowledge of the unauthorized use, and directed toward

perpetuating a business competing unfairly with Plaintiffs, and were done with a willful

disregard for the rights of the Plaintiffs.

59.     As a direct and proximate result of Defendants' actions, Plaintiffs have been damaged,

## JURY DEMAND

Plaintiffs demand a trial by jury as to all claims so triable.

August _____, 2013

October 2

Respectfully submitted,
Plaintiffs, DAVID MINEHAN, LEE
HARRINGTON and JOHN LYNCH, dba
THE NEIGHBORHOODS
By their attorneys,


FRANK J. CIMLER, JR., ESQ.
BBO#:  545329
84 WEST BROADWAY
SUITE 2
DERRY, NH 03038
TEL.:  (603) 505-4515


And


Lisa DeBrosse Johnson, BBO # 632428
Attorney at Law
Ten Post Office Square
Eighth Floor
Boston, Massachusetts 02109
617-850-9065
debrossejohnson@comcast.net

<u>VERIFICATION</u>

I have read the foregoing document and know its contents.

I am a Plaintiff in this action and a member of the band THE NEIGHBORHOODS.

I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated to be on information and belief, and as to those matters, I believe them to be true.

I declare under the pains and penalties of perjury that the foregoing is true and correct.

Executed this ___6th___ day of August, 2013.

David Minehan